Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| SUCESIONES DE DON ANDRÉS GILBERTO RODRÍGUEZ FREYRE Y ESTHER LÓPEZ RAMÍREZ COMPUESTA POR INGRID LETICIA RODRÍGUEZ LÓPEZ Y EDWIN JOSÉ GARCÍA RODRÍGUEZ<br><br>Recurridos<br><br>V.<br><br>JORGE LUIS RODRÍGUEZ ACEVEDO, LIZANET LOZANO AYALA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | KLCE202500568 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV02124 (307)<br><br>Sobre: Reinvindicación, Cobro de Dinero y Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2025.

El 27 de mayo de 2025, compareció ante este Tribunal de Apelaciones, Jorge Luis Rodríguez Acevedo, Lizanet Lozano Ayala y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, parte peticionaria o matrimonio Rodríguez-Lozano) por medio de recurso de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida el 9 de abril de 2025 y notificada el 10 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por la Sra. Ingrid Leticia Rodríguez López (en adelante, señora Rodríguez López) y la *Moción para Solicitar se Dicte Sentencia*

Número Identificador

RES2025 _____

*Sumariamente* incoada por la parte peticionaria en cuanto a la reconvención.

Por los fundamentos que adelante se exponen, se deniega el recurso de *Certiorari.*

**I**

Los eventos procesales del caso que dan lugar al recurso de epígrafe son los que en adelante se reseñan. El 5 de diciembre de 2023, la parte recurrida compuesta por las Sucesiones de Don Andrés Gilberto Rodríguez Freyre y Doña Esther López Ramírez compuesta por Ingrid Leticia Rodríguez López y Edwin José García Rodríguez presentó *Demanda* sobre Reivindicación, Cobro de Dinero y Daños en contra del señor Jorge Luis Rodríguez Acevedo, Lizanet Lozano Ayala y la Sociedad legal de Gananciales compuesta por ambos (en adelante, el matrimonio Rodríguez Lozano). En síntesis, alegó que, Don Andrés Gilberto Rodríguez Freyre (en adelante Don Andrés) y Doña Esther López Ramírez (en adelante, Doña Esther), ambos fallecidos, adquirieron mediante compra una propiedad inmueble sita en la Urbanización La Riviera, Calle Habana, número 27, en Mayagüez, Puerto Rico. Añadió que alegadamente, el 25 de julio de 2015, Don Andrés, otorgó un contrato de *opción a compra* y recibió la suma de quince mil dólares ($15,000.00). Adujo que, para esa fecha, Don Andrés tenía 85 años de edad y que Doña Esther había fallecido hacía un mes. Con posterioridad, el 25 de agosto de 2025, Don Andrés, radicado en Miami, Florida, alegadamente suscribió un *contrato privado de compraventa* y según el susodicho contrato, la parte demandada y aquí peticionaria, le entregó la suma de noventa mil dólares ($90,000.00). Relató que, si bien era cierto que la parte peticionaria afirmaba haber satisfecho la totalidad de la suma acordada mediante el referido contrato de compraventa, Don Andrés no se encontraba en la jurisdicción de Puerto Rico para la firma del referido contrato de compraventa y tampoco se había

podido constatar que, en efecto, la parte peticionaria hubiese satisfecho a Don Andrés, la suma acordada en el aludido contrato. Alegó además que, desde mediados del año 2015, la parte peticionaria se encuentra en posesión del inmueble en cuestión sin derecho alguno o título válido. Asimismo, la parte recurrida, además de reclamar la reivindicación del inmueble en controversia, reclamó el pago de renta por el tiempo en que la parte peticionaria ha usado y disfrutado de dicho inmueble.

Subsiguientemente, el 26 de febrero de 2024, la parte peticionaria presentó su *Contestación a la Demanda* y de forma conjunta, sometió una *Reconvención*.

Luego de varios trámites procesales, la señora Rodríguez López presentó el 8 de enero de 2025 *Solicitud de Sentencia Sumaria*. El 14 de febrero de 2025, la parte peticionaria, interpuso su *Oposición a Solicitud de Sentencia Sumaria*. A su vez, la parte peticionaria presentó el 24 de febrero de 2025, *Moción para Solicitar se Dicte Sentencia Sumariamente* en cuanto a la reconvención. En respuesta, el 3 de abril de 2025, la señora Rodríguez López incoó *Oposición a Solicitud de Sentencia Sumaria*.

Atendidos los escritos de las partes, el 9 de abril de 2025, notificada al siguiente día, el foro primario emitió la *Resolución* recurrida, en la cual declaró *No Ha Lugar* a las respectivas solicitudes de sentencia sumaria.

En su dictamen, el tribunal *a quo* consignó lo siguiente:

Examinado el expediente, este Tribunal concluye que ninguna de las partes ha logrado establecer su derecho con la entera claridad requerida para que prospere una sentencia sumaria en derecho. En primer lugar, el planteamiento medular de ambas solicitudes –tanto la presentada por la parte demandante como la presentada posteriormente por la parte demandada— gira en torno a la existencia o no de controversia material respecto al cumplimiento del contrato de compraventa suscrito en el año 2015, particularmente en cuanto al pago del precio convenido y la legitimidad de la ocupación del inmueble objeto de este litigio.

A esos efectos, la parte demandante sostiene que su causante nunca recibió el precio acordado, por lo que el contrato carece de causa o, en la alternativa, ha quedado resuelto por incumplimiento al no otorgarse la escritura pública dentro del término pactado. En apoyo a su alegación, la parte demandante acompañó certificaciones del Banco Popular de Puerto Rico, según las cuales el Sr. Rodríguez Freyre no tenía cuentas activas al momento del alegado depósito de los cheques presentados por la parte demandada. No obstante, la parte demandada sostiene, que el precio de venta fue debidamente pagado mediante dos cheques de gerente girados a nombre del causante, y que los mismos fueron depositados y cobrados en una cuenta asociada a su persona. Estos hechos, por su naturaleza, constituyen controversias genuinas y materiales que no pueden resolverse sin la celebración de un juicio en su fondo. La determinación sobre si el pago fue recibido o no, si el contrato produjo todos sus efectos, o si hubo incumplimiento resolutorio, requiere el análisis de evidencia pericial, testifical y documental que excede los límites de una adjudicación sumaria.

Asimismo, la parte demandada plantea que la parte demandante carece de legitimación activa, en vista de un acuerdo transaccional suscrito en la jurisdicción de la Florida mediante el cual –según alegan—la co demandante Ingrid Leticia Rodríguez López renunció a cualquier derecho sobre la propiedad objeto de este litigio. No obstante, la parte demandante refuta dicho planteamiento al sostener que el acuerdo en cuestión constituye una cesión válida de derechos reales sobre bienes inmuebles ubicados en Puerto Rico, y que el otro demandante, Edwin José García Rodríguez, no fue parte del referido acuerdo. Esta alegación también genera una controversia material de derecho y hecho que no puede resolverse sin antes dilucidar el alcance y efecto del acuerdo, así como la naturaleza jurídica de los derechos alegadamente cedidos.

En cuanto a la *Reconvención*, la parte demandada solicita el cumplimiento específico del contrato y el otorgamiento de la escritura pública correspondiente. Sin embargo, al subsistir la controversia sobre si se cumplió con el pago total del precio –hecho esencial para validar el cumplimiento contractual—tampoco procede resolver dicho planteamiento por la vía sumaria. El remedio de cumplimiento específico requiere que el promovente demuestre haber cumplido o estar dispuesto a cumplir con todas sus obligaciones contractuales, y ello no puede determinarse sin evaluar la prueba controvertida relacionada al alegado pago.

Por virtud de lo anterior, procede declarar NO HA LUGAR ambas solicitudes de sentencia sumaria presentada por las partes, por cuanto existen hechos materiales en controversia que requieren la celebración de una vista evidenciaria para su debida adjudicación en los méritos. Ninguna de las partes ha logrado demostrar, con la certeza requerida, que tiene derecho a sentencia como cuestión de derecho.

Se ordena la continuación de los procedimientos.

En desacuerdo con lo resuelto, el 24 de abril de 2025, la parte peticionaria presentó *Moción para Solicitar Reconsideración*. En atención a la aludida moción, el 25 de abril de 2025, notificada el 28 de abril de 2025, el foro *a quo* emitió una *Resolución Reconsideración* en la que declaró la misma No Ha Lugar.

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *Certiorari* y esgrimió el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGUEZ, AL RESOLVER NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA RADICADA POR LOS DEMANDADOS RECURRENTES Y ABSTENERSE DE HACER DETERMINACIONES DE HECHOS SOBRE LOS CUALES NO EXISTE CONTROVERSIA.

El 29 de mayo de 2025, emitimos *Resolución* en la cual le ordenamos a la parte peticionaria que nos acreditara, en o antes del jueves 5 de junio de 2025, haber notificado copia del recurso de epígrafe al Tribunal de Primera Instancia de conformidad con la Regla 33 (A)[1], y a la parte recurrida, de conformidad con la Regla 33 (B)[2] del Reglamento de este Tribunal de Apelaciones. Le apercibimos que el incumplimiento con lo ordenado daría lugar a la desestimación del recurso.

De otra parte, le concedimos a la parte recurrida, hasta el lunes 9 de junio de 2025, para que se expresara en torno al recurso de *Certiorari* incoado. Asimismo, le apercibimos que transcurrido el término dispuesto, el recurso se entendería perfeccionado para su adjudicación final.

---

[1] 4 LPRA Ap. XXII-B, R.33(A).
[2] 4 LPRA Ap. XXII-B, R.33(B).

En cumplimiento con nuestra *Resolución* emitida el 9 de junio de 2025, el recurrido incoó *Alegato en Oposición a Escrito de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *El Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[3]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[3] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. R.52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en

cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. Sentencia Sumaria

La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin

que se requiera llegar a la etapa de juicio.[4] *Birriel Colón v. Econo y Otro*, 213 DPR 80, 90 (2023); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 610 (2023); *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 979 (2022); *Delgado Adorno v. Foot Locker Retail*, 208 DPR 622, 627 (2022). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta norma procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. *Serrano Picón v. Multinational Life Ins.*, supra. Cuando se habla de hechos materiales, nos referimos a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales.[5] *Alicea Pérez v. Coop. Seg. Múlt. et al.*, 210 DPR 71, 76 (2022). Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si procede en derecho. *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, pág. 335. De la prueba adjunta a la solicitud de sentencia sumaria, deberá surgir

---

[4] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021); *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 808 (2020); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

[5] *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018); *Velázquez Ortiz v. Mun. De Humacao*, 197 DPR 656, 662-663 (2017); *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 335.

preponderadamente la inexistencia de controversia sobre los hechos medulares del caso. *Birriel Colón v. Econo y Otro*, supra, pág. 91.

En consonancia con lo anterior, en el pasado el Tribunal Supremo de Puerto Rico ha afirmado que -utilizado ponderadamente- el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo.[6]

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V. R. 36.3. *Rodríguez García v. UCA*, 200 DPR 929, 940-941 (2018); *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 336.

Cumplidos estos requisitos, el Tribunal Supremo de Puerto Rico expresó, además, en *Pérez Vargas v. Office Depot*, supra, que el inciso (e) de la Regla 36.3 establece lo siguiente:

---

[6] Véase, *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019); *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009); *Padín v. Rossi*, 100 DPR 259 (1971).

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. 32 LPRA Ap. V, R. 36.3 (e).

La sentencia sumaria no procederá en las instancias que: 1) existan hechos materiales y esenciales controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda. *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 335-336; *Serrano Picón v. Multinational Life Ins.*, supra.

En armonía con la normativa reseñada, nuestra Máxima Curia ha expresado que, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones *Birriel Colón v. Econo y Otro*, supra, pág. 90; *Ramos Pérez v. Univisión*, supra, págs. 215-216. Las meras afirmaciones no bastan. *Íd.* "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos. que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión*, supra, pág. 215. (Cita omitida). *Roldán Flores v. M. Cuebas, et al.*, supra, pág. 677. Además, se le exige a la parte que se oponga ciertas exigencias adicionales. Primeramente, deberá presentar una relación concisa y organizada de los hechos

esenciales y pertinentes que, a su juicio, estén en controversia, citando específicamente los párrafos según fueron enumerados por el promovente de la moción. *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 336. También, deberá enumerar los hechos que no estén en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* En adición, deberá esbozar las razones por las cuales no se debe dictar sentencia sumaria, argumentando el derecho aplicable. *Íd.*

Si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra,* se podrán considerar como admitidos y se dictará la sentencia sumaria en su contra, si procede. *Roldán Flores v. M. Cuebas et al.*, supra.

Respecto a la revisión de las sentencias sumarias, el foro apelativo deberá utilizar los mismos criterios que el Tribunal de Primera Instancia. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114 (2015); *González Meléndez v. Mun. San Juan et al.*, supra, pág. 611. Nuestro Máximo Foro ha sido claro en que, [l]os tribunales apelativos estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Birriel Colón v. Econo y Otro*, supra, pág. 91. De acuerdo a lo anterior, el foro apelativo está obligado a examinar *de novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Íd.*; *Serrano Picón v. Multinational Life Ins.*, supra, pág. 993; *Meléndez González et al. v. M. Cuebas*, supra, pág. 116.

**III**

En apretada síntesis, la parte demandada peticionaria nos solicita que revoquemos la *Resolución* emitida el 9 de abril de 2025 y notificada al día siguiente, mediante la cual, el Tribunal de Primera Instancia, declinó resolver el caso de marras por la vía sumaria. En su único señalamiento de error, nos plantea que, incidió el foro primario al denegar la moción de sentencia sumaria y, abstenerse de hacer determinaciones de hechos sobre los cuales no existe controversia. No le asiste la razón.

Como cuestión de umbral, es meritorio mencionar que, tal cual fue previamente esbozado, la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta para revisar una determinación interlocutoria sobre una denegatoria de una moción dispositiva, como lo es la moción de sentencia sumaria.

Aclarado lo anterior, nos corresponde evaluar si las partes cumplieron cabalmente con las disposiciones de la Regla 36 de Procedimiento Civil, *supra.* Debemos determinar, pues, si la parte promovente de la moción de sentencia sumaria, incluyó: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V. R. 36.3. *Rodríguez García v. UCA,* 200

DPR 929, 940 (2018); *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 336.

Al revisar *de novo* las mociones de sentencia sumaria incoadas ante el foro primario colegimos que, si bien las mismas contienen un recuento de las respectivas versiones de los hechos, a juicio de cada parte, incontrovertidos, nos percatamos de que estos no están apoyados en declaraciones juradas u otra prueba admisible en evidencia donde se establezcan estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal.  Nos explicamos.

En particular, al examinar *de novo* la *Moción para Solicitar se Dicte Sentencia Sumariamente,* interpuesta por la parte peticionaria, vemos que esta hace un recuento de ciertos eventos previos y acuerdos alcanzados entre la señora Ingrid L. Rodríguez López y su señor padre, Don Andrés G. Rodríguez Freyre (Q.D.E.P.), que culminaron en un acuerdo transaccional en el que establecieron la titularidad de ciertas propiedades y, a su vez, puso fin a ciertas controversias entre estos.  Afirma la parte peticionaria que, dicho acuerdo fue aprobado por la Corte del Circuito Onceabo del Condado de Miami-Dade y posteriormente, validada en nuestra jurisdicción mediante el auto de *Exéquatur.*

Subsiguientemente, la parte peticionaria narra una serie de eventos relacionados a las alegadas negociaciones entre dicha parte y Don Andrés G. Rodríguez Freyre (Q.D.E.P.).  Afirma dicha parte que, con la opción de compra emitió un primer pago en la suma de quince mil dólares ($15,000.00).  Arguye que, con posterioridad, las partes suscribieron un contrato de compraventa privado, en el cual determinaron que el precio de compraventa sería $105,000.00, reconociéndose el pago de los primeros quince mil dólares ($15,000.00) y pactando el pago de los restantes noventa mil dólares ($90,000.00). Sostiene, además, que pagó la suma total acordada

con Don Andrés (Q.D.E.P.), para la adquisición de la propiedad inmueble en cuestión. Alegadamente, los aludidos cheques de gerente fueron endosados y depositados en la cuenta número 206-434474, a nombre de Don Andrés G. Rodríguez Freyre (Q.D.E.P.).

Por otro lado, debemos examinar si, en su oposición a la moción de sentencia sumaria, la parte recurrida presentó una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, están en controversia, citando específicamente los párrafos según fueron enumerados por el promovente de la moción. *Ferrer et al. v. PRTC*, supra, pág. 582; *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 336. Además, si enumeró los hechos que no están en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* Por último, debemos determinar si, la parte apelante esbozó las razones por las cuales no se debía dictar sentencia sumaria, con la correspondiente argumentación del derecho aplicable.

Es menester destacar que, en su oposición, la parte recurrida anejó a la aludida moción dispositiva, sendas certificaciones del Banco Popular de Puerto Rico (BPPR) del 28 de diciembre de 2023; 26 de agosto de 2024 y 30 de octubre de 2024, en las cuales el BPPR certificó que, no habían encontrado cuentas identificadas a nombre Don Andrés G. Rodríguez Freyre (Q.D.E.P.), con excepción de unas cuentas de tarjetas de crédito. Lo anterior, tiene el efecto de controvertir el pago, alegadamente efectuado por la parte peticionaria y acordado en el contrato de compraventa con Don Andrés en cuestión.

En fin, luego de haber examinado cuidadosa y minuciosamente el expediente ante nuestra consideración, coincidimos con el raciocinio del Juzgador de instancia, en cuanto a que, ninguna de las partes ha logrado establecer su derecho con

la entera claridad requerida para que prospere una sentencia sumaria en derecho.

Contrario, a los argüido por la parte peticionaria, de la *Resolución* recurrida se desprende que el Juzgador de primera instancia consignó en la misma que, persisten controversias genuinas sobre hechos materiales. En primer lugar, respecto al cumplimiento del contrato suscrito en el 2015, particularmente, en cuanto al pago y la legitimidad de la ocupación del inmueble objeto del litigio. Asimismo, consignó que: "La determinación sobre si el pago fue recibido o no, sobre si el contrato produjo todos sus efectos, o si hubo incumplimiento resolutorio, requiere el análisis de evidencia pericial, testifical y documental que excede los límites de una adjudicación sumaria."

Respecto al planteamiento de la parte peticionaria sobre la falta de legitimación activa de la parte recurrida, el foro primario razonó que, existe una controversia material de derecho y de hecho que no puede resolverse sin antes dilucidar el alcance y el efecto del acuerdo, así como la naturaleza jurídica de los derechos alegadamente cedidos.

Por otro lado, en cuanto a la *Reconvención*, y específicamente, en torno a la solicitud de la parte peticionaria del cumplimiento específico del contrato y el otorgamiento de una escritura pública, el foro primario razonó que, al subsistir la controversia sobre si se cumplió con el pago total del precio, tampoco procede resolver dicho planteamiento por la vía sumaria. Coincidimos con tal razonamiento.

En fin, evaluado el recurso presentado por la parte demandada peticionaria colegimos que, no procede la expedición del auto solicitado. La petición de la parte peticionaria no puede activar nuestra jurisdicción discrecional en el caso de autos, toda vez que, la decisión recurrida no es manifiestamente errónea y encuentra

cómodo asilo en la sana discreción del Tribunal de Primera Instancia. Tampoco ha logrado la parte peticionaria persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Por último, aclaramos que con esta determinación no estamos prejuzgando la controversia, porque nada impide que el asunto sea traído nuevamente en la apelación.

**IV**

Por los fundamentos que anteceden, se deniega el recurso de *Certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones